```
 1  David J. Lee (State Bar No. 296294)
    david@davidjleelaw.com
 2  DAVID LEE LAW, APC
    515 South Flower Street, Suite 1900
 3  Los Angeles, California 90071
    Telephone: (213) 236-3536
 4  Facsimile: (866) 658-4722

 5  Plaintiff
    JUSTIN WELCH
 6
```

FILED
Superior Court of California
County of Riverside
3/15/2021
M. Preciado
Electronically Filed

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| JUSTIN WELCH,<br><br>        Plaintiff,<br><br>v.<br><br>LUTRONIC AESTHETICS, INC.; and DOES 1 to 50, inclusive,<br><br>        Defendants. | Case No. **CVRI2101335**<br>Assigned to Honorable<br>Dept.<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br><br>2. **RETALIATION IN VIOLATION OF FEHA-GOV'T CODE §§12940;**<br><br>3. **WHISTLEBLOWER RETALIATION IN VIOLATION OF LABOR CODE §1102.5;**<br><br>4. **VIOLATION OF CALIFORNIA LABOR CODE §6311;**<br><br>5. **VIOLATION OF LABOR CODE §98.6; AND**<br><br>6. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br><br>[DEMAND FOR JURY TRIAL] |

- 1 -
COMPLAINT

**EXHIBIT A PAGE 8**

## THE PARTIES

1. Plaintiff Mr. JUSTIN WELCH is an individual residing in Riverside County, California ("Plaintiff").

2. Defendant LUTRONIC AESTHETICS, INC. is a corporation that provides aesthetic and medical laser products and technology throughout the country. ("Defendant" or "Company")

3. Plaintiff was employed by the Defendant as a regional sales manager at their Riverside Office during all times in the liability period.

4. The true names and capacities of the Defendants named herein as Does 1 through 50, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who therefore sues such Defendant by fictitious names pursuant to Code of Civil Procedure §474. Plaintiff is informed and believes that Does 1 through 50 are California residents, and or/parents, subsidiaries, and/or sister corporations to Defendant, and or individuals responsible for the acts complained of herein. Plaintiff will amend this Complaint to show such true names and capacities when they have been determined. Plaintiff alleges all known and unknown Defendant and all named Defendant, including the corporate and individual Defendant and their parents, subsidiaries, their successors in interest, partners, and their employees and/or agents, acted on behalf of, and for the benefit of, at the direction of, and under the control of, and in conspiracy with, each and every Defendant, known or unknown, and their agents and/or employees, and each of them, to do the acts complained of herein.

## JURISDICTION

5. This Court has jurisdiction over the violations of the Fair Employment and Housing Act ("FEHA"), as Plaintiff has met all the jurisdictional requirements for proceeding with her claims under the FEHA, including without limitation, California Government Code Sections 12960 and 12965, by timely filing an administrative complaint against Defendant with the California Department of Fair Employment and Housing (the "DFEH") on or about March 15, 2021. On March 15, 2021, Plaintiff received his Right to Sue Letter from the DFEH against the Defendant.

## FACTUAL ALLEGATIONS

6. Plaintiff was employed by the Defendant from on or about June 24, 2019 to April 3, 2020 when he was wrongfully terminated after complaining about various unlawful and illegal activities by the Defendant.

7. On February 27, 2020, Plaintiff did not believe that he was being paid all his wages and commission so he filed a complaint to his manager Mr. Loren Hosford. ("Mr. Hosford") However, Mr. Hosford informed Plaintiff that he needed to address his concerns with Mr. Alex Crowe who replaced Mr. Hosford as the manager of the West Region. However, when Plaintiff addressed his concerns to Mr. Crowe, Mr. Crowe responded to Plaintiff by stating, "I don't get involved in issues that happened before I came to Lutronic" and further stating, "focus on making more money by listening to what I tell you to do."

8. On March 16, 2020, Mr. Crowe retaliated against Plaintiff and started to harass Plaintiff by accusing Plaintiff of lying about his job performance and Mr. Crowe became very confrontational as he puffed his chest at Plaintiff and stated, 'I hope you're telling me the truth" and "we'll see about that."

9. On or about March 16, 2020, around 1p.m., Plaintiff tried to take his mandatory meal break when Mr. Crowe informed him that he could not eat while he was working and that he had to take his lunch break "at home." Afterwards, Plaintiff complained about the meal break violation to Mr. Crowe but Mr. Crowe ignored Plaintiff.

10. On or about March 17, 2020, Plaintiff requested reimbursement for his business expenses to Mr. Crowe but Mr. Crowe informed Plaintiff that he would only be reimbursed for expenses incurred during overnight business trips.

11. On March 19, 2020, Plaintiff complained to the HR department regarding the harassment and bullying by Mr. Crowe. Afterwards, Ms. Patty Davis contacted Plaintiff and told him that Mr. Crowe "can do whatever aggressive sales coaching style or managerial style he wanted" and that "as long as they don't break the law by telling you to do something illegal, we don't get involved in personality conflicts." Ms. Davis also stated to Plaintiff, "you're a tall white guy. You're not a protected class so I don't know why you are complaining to HR."

12. On March 19, 2020, Plaintiff informed Ms. Jacquelyn Conlon regarding the health and safety concerns of working during the pandemic and further informed her that a "Stay Home Order" was issued by the state of California and required him to refrain from physically meeting clients to engage in various sales activities.

13. On April 3, 2020, the Defendant retaliated against Plaintiff and wrongfully terminated him under the pretext that he was being laid off due to a pandemic.

## FIRST CAUSE OF ACTION

## FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(AGAINST THE DEFENDANT AND DOES 1 TO 50)

14. As a separate and distinct cause of action, Plaintiff complains against the Company and Does 1 through 50, inclusive, and re-alleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

15. As a result of the allegations as stated above, the Company terminated Plaintiff in violation of various public policies including the FEHA and labor code sections 98.6, 1102.5, 226, 2802 and "stay home order."

16. Plaintiff has been harmed in the loss of wages, benefits and other damages in an amount to be proven at trial.

17. As a further proximate result of the Company's unlawful actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered humiliation, embarrassment, disgrace, loss of reputation, loss of self-esteem, mental anguish, and emotional and physical distress, and has been generally damaged, all in amount to be proven at trial.

## SECOND CAUSE OF ACTION

## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§ 12940 ET SEQ

(AGAINST THE DEFENDANT AND DOES 1 TO 50)

18. Plaintiff re-alleges and incorporates by referenced the foregoing statements and allegations, inclusive, as though set forth in full herein, against all Defendants and Does 1 to 50.

19. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

20. The Company is liable under Section 12940(m) for retaliating against Plaintiff because he resisted and complained about discrimination and harassment to the Defendant.

21. As a proximate result of the Company's retaliation against Plaintiff, he has suffered and continues to suffer compensatory damages, including without limitation, lost wages, loss of future earnings and earning capacity, loss of bonuses, emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and damage to his reputation in the business community, in the amount of at least $25,000, according to proof at the time of trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as an unlimited civil action. Plaintiff claims such amounts as damages, together with prejudgment interest accruing from the date of the filing of this action pursuant to California Civil Code Sections 3281 and/or 3288, and/or any other provision of law providing for prejudgment interest.

22. As a proximate result of Company's retaliation against Plaintiff, he has been forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected to continue to incur attorneys' fees. Pursuant to California Government Code Section 12965(b), Plaintiff requests the award of attorneys' fees against the Company.

23. The Company committed the acts alleged herein maliciously, fraudulently, and oppressively, callously, in bad faith, with the wrongful intent of injuring Plaintiff, and in conscious disregard of Plaintiff's right and safety. As such, Plaintiff is entitled to an award of punitive damages from the Company in an amount according to proof.

## THIRD CAUSE OF ACTION

### WHISTLEBLOWER RETALIATION

### IN VIOLATION OF LABOR CODE SECTION 1102

(AGAINST THE DEFENDANT AND DOES 1 TO 50)

24. Plaintiff hereby incorporates by reference each and every allegation set forth in all of the foregoing paragraphs as if fully set forth above, against the Company and Does 1 to 50.

25. At all times material to this Complaint, California Labor Code Section 1102.5 was in effect and binding on the Company This section requires the Company to refrain from retaliating against an employee for refusing to participate in an activity that he/she reasonably

believes would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

26. Plaintiff engaged in protected activity under Labor Code Section 1102.5 by complaining about the unlawful and illegal activities being committed by the Defendant, including unlawful discrimination and harassment, retaliation, unfair treatment and misconduct by the Company that violated the FEHA.

27. The Company retaliated against Plaintiff for blowing the whistle, by harassing, threatening, and terminating Plaintiff, among other things, all in violation of Labor Code 1102.5.

28. As a direct and proximate result of such retaliation, Plaintiff has been damaged in a sum according to proof.

29. Plaintiff requests all available relief under Labor Code Section 1102.5 including damages and the imposition of a civil penalty of $10,000 for each violation.

## FOURTH CAUSE OF ACTION

## VIOLATIONS OF LABOR CODE § 6310

(AGAINST DEFENDANT AND DOES 1 TO 50)

30. Plaintiff hereby incorporates by reference each and every allegation set forth in all of the foregoing paragraphs as if fully set forth above, against all Defendant and Does 1 to 50.

31. At all relevant times, Labor Code section 6310 was in effect and was binding on defendants. This statute prohibits defendants from retaliating or otherwise discriminating against an employee, including the plaintiff, for raising complaints (either oral or written) about something the employee believed to be illegal or unsafe.

32. Plaintiff raised complaints of illegality, unsafe working conditions, and/or unsafe work practices while he worked for defendants and was believed to be willing to raise complaints and because of said complaints and the fact that the Plaintiff stood up for the workplace safety rights of both himself and his co-workers, defendants retaliated against him, discriminated against him, harassed him, and otherwise took adverse employment actions against him, up to, and including, the termination of his employment.

33. As a proximate result of defendants' willful, knowing, and intentional and repeated violations of Labor Code section 6310, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

34. As a result of defendants' adverse employment actions against plaintiff, plaintiff has suffered general and special damages in sums according to proof.

35. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, et seq., plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

## FIFTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE SECTION 98.6

## (AGAINST DEFENDANT AND DOES 1 TO 50)

36. Plaintiff hereby incorporates by reference each and every allegation set forth in all of the foregoing paragraphs as if fully set forth above, against the Company and Does 1 to 50.

37. Labor Code Section 98.6 prohibits retaliation against employees for engaging in certain protected activities.

38. The Defendant violated Labor Code Section 98.6. (a) A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint that he or she is owed unpaid wages, or because the employee has initiated any action or notice pursuant to Section 2699, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her.

39. Any employee who is discharged, threatened with discharge, demoted, suspended, retaliated against, subjected to an adverse action, or in any other manner discriminated against in the terms and conditions of his or her employment because the employee engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or because the employee has made a bona fide complaint or claim to the division pursuant to this part, or because the employee has initiated any action or notice pursuant to Section 2699 shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by those acts of the employer.

40. In addition to other remedies available, an employer who violates this section is liable for a civil penalty not exceeding ten thousand dollars ($10,000) per employee for each violation of this section, to be awarded to the employee or employees who suffered the violation.

## SIXTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(AGAINST ALL DEFENDANTS AND DOES 1 TO 50)

41. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs of this complaint as if fully forth herein against all Defendants and Does 1 through 50.

42. When the Defendants, and each of them, committed the acts described above, they did so deliberately and intentionally to cause Plaintiff to suffer humiliation, mental anguish, and emotional distress. The outrageousness of the above-described conduct is amplified due to a supervisor's abuse of their positions with actual and apparent authority over Plaintiff, such as is commonly found in employment relationships. The Defendants, and each of them, were aware that their unlawful acts would cause Plaintiff to suffer extreme emotional distress and other consequential damages.

43. The above-said acts of the Defendants, and each of them, constituted intentional infliction of emotional distress against Plaintiff and such conduct of the Defendants was a substantial or determining factor in causing damage and injury to Plaintiff.

44. As a result of Defendants intentional infliction of emotional distress, Plaintiff has suffered and continues to suffer substantial loss and damages including, loss of salary, future

advancement, bonuses, benefits, embarrassment, humiliation, and mental anguish in an amount to be determined at trial.

45. Defendants and each of them, committed said intentional infliction of emotional distress alleged herein against Plaintiff, maliciously, fraudulently, and oppressively with the wrongful intent of injuring Plaintiff for an improper and evil motive which constitutes a malicious and conscious disregard of Plaintiff's rights. Plaintiff is thereby entitled to punitive damages from Defendants in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and Does 1 to 50, and each of them, in an amount according to proof as follows:

1. The general and special damages according to proof;
2. For exemplary damages, according to proof;
3. For pre-judgment and post-judgment interest on all damages awarded;
4. For reasonable attorneys' fees;
5. For costs of suit incurred;
6. For such other and further relief as the Court may deem just and proper; and
7. For declaratory relief.

Dated: March 15, 2021

David J. Lee, Esq.
DAVID LEE LAW, APC
Attorneys for Plaintiff
JUSTIN WELCH

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury.

Dated: March 15, 2021

David J. Lee, Esq.
DAVID LEE LAW, APC
Attorneys for Plaintiff
JUSTIN WELCH

9
COMPLAINT

**EXHIBIT A PAGE 16**